**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : <u>JURY TRIAL DEMANDED</u> |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| APRIA, INC. JOHN G. FIGUEROA, | : **SECURITIES EXCHANGE ACT OF 1934** |
| MICHAEL AUDET, JOHN R. MURPHY, | : |
| NORMAN C. PAYSON, DEVON RINKER, | : |
| NEIL P. SIMPKINS, LYNN SHAPIRO | : |
| SNYDER, DANIEL J. STARCK, MIKE S. | : |
| ZAFIROVSKI, TERRI KLINE, and | : |
| SUSANNAH GRAY, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1.      On January 7, 2022, Apria, Inc. ("Apria" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Owens & Minor, Inc. ("Parent") and StoneOak Merger Sub Inc. ("Merger Sub") (the "Proposed Merger").

2.      Under the terms of the Merger Agreement, Apria's stockholders will receive $37.50 in cash per share.

3.      On February 7, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.     Plaintiff is and has been continuously throughout all relevant times the owner of Apria common stock.  Plaintiff is a resident of this District.

9.     Defendant Apria is a Delaware corporation.  Apria's common stock is traded on the NASDAQ under the ticker symbol "APR."

10.     Defendant John G. Figueroa is Chairman of the Board of Directors of Apria (the "Board").

11.     Defendant Michael Audet is a member of the Board.

12.     Defendant John R. Murphy is a member of the Board.

13.     Defendant Norman C. Payson is a member of the Board.

14.     Defendant Devon Rinker is a member of the Board.

15.     Defendant Neil P. Simpkins is a member of the Board.

16.     Defendant Lynn Shapiro Snyder is a member of the Board.

17.     Defendant Daniel J. Starck is Chief Executive Officer of the Company and a member of the Board.

18.     Defendant Mike S. Zafirovski is a member of the Board.

19.     Defendant Terri Kline is a member of the Board.

20.     Defendant Susannah Gray is a member of the Board.

21.     Defendants identified in ¶¶ 10-20 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

22.     Apria is a leading provider of integrated home healthcare equipment and related services in the United States.

23.     On January 7, 2022, Apria entered into the Merger Agreement.

24.     The press release announcing the Proposed Merger provides as follows:

Owens & Minor, Inc. ("Owens & Minor") (NYSE: OMI) and Apria, Inc. ("Apria") (Nasdaq: APR) today announced that the companies have entered into a definitive agreement pursuant to which Owens & Minor will acquire Apria for $37.50 in cash per share of common stock , representing an equity value of approximately $1.45 billion.

"I'm very excited about the acquisition of Apria, which will strengthen our total company value proposition. The combination of two complementary businesses in Byram Healthcare and Apria will enable us to better serve the entire patient journey—through the hospital and into the home—ultimately furthering our mission of *Empowering Our Customers to Advance Healthcare*," said Edward A. Pesicka, President & Chief Executive Officer of Owens & Minor. "In addition, this transaction diversifies our total company revenue stream by expanding our presence in the higher-growth home healthcare market."

Pesicka added, "We are impressed by what Apria has built for its customers, and I look forward to welcoming Dan Starck and the Apria team to Owens & Minor upon close."

"I am energized and enthusiastic to join Owens & Minor," said Dan Starck, Chief Executive Officer of Apria. "Both companies share cultures fueled by a commitment to customers, patients, teammates and the communities we serve. We look forward to joining together and delivering the highest quality healthcare solutions to our customers."

**Strategic Rationale**

**Strengthens total company value proposition**, enables us to better serve the entire patient journey and positions Owens & Minor as a leader in the home healthcare market. The transaction builds upon Owens & Minor's strong capabilities in product manufacturing and healthcare services.

**Accelerates growth and diversifies revenue base by expanding our presence in the higher-growth home healthcare market. Accretive to revenue, adjusted EBITDA, adjusted earnings per share, and enhances our free cash flow generation, enabling Owens & Minor to rapidly deleverage while continuing to invest across the business.**

**Expands our Patient Direct platform with access to over 90 percent of insured healthcare customers in the U.S.**

**Broadens our Patient Direct product portfolio** by combining our strength in diabetes, ostomy, incontinence, and wound care, with Apria's product portfolio strength in home respiratory, obstructive sleep apnea, and negative pressure wound therapy. These product portfolios are complementary and do not overlap as many of these products are needed to treat the same and multiple chronic and acute conditions.

**Increases the attractiveness to Payors, Providers, and Patients** due to the broader product portfolio, combined with our scale, geographic footprint, and delivery model.

**Creates a platform for future growth** within this highly fragmented and growing space, with an approximate $50 billion total addressable market.

**Enables the acceleration of support for our hospital customers** seeking to expand into home healthcare delivery.

**Transaction Details**

Under the terms of the agreement, which was unanimously approved by the Board of Directors of each company, Owens & Minor will acquire Apria for $37.50 in cash per share of common stock, representing an equity value of approximately $1.45 billion, as well as the assumption of debt and cash for a total transaction value of approximately $1.6 billion.

This price per share represents a 26% and 24% premium over Apria's closing share price on January 7, 2022 and 30-day volume weighted average price, respectively.

The transaction is subject to customary closing conditions, including the Hart Scott Rodino Act and other regulatory approvals and the approval of Apria's stockholders, and is expected to close during the first half of 2022.

**Advisors**

Evercore acted as the lead financial advisor and J.P. Morgan Securities LLC acted as financial advisor to Owens & Minor in connection with this acquisition. Owens & Minor's legal advisor is Kirkland & Ellis LLP.

25.     On February 7, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

26.     The Proxy fails to disclose material information regarding Apria's financial projections, specifically the line items underlying the projections.

<u>Financial Analyses</u>

27.     The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman Sachs.

28.     Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) the basis for selecting the multiples utilized by Goldman Sachs; (ii) the net debt utilized by Goldman Sachs; (iii) the number of fully diluted shares of Apria common stock outstanding utilized by Goldman Sachs; and (iv) the inputs and assumptions underlying the discount rate utilized by Goldman Sachs.

29.     Regarding Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Goldman Sachs; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Goldman Sachs; (iii) the net debt utilized by Goldman Sachs; and (iv) the number of fully diluted shares of Apria common stock outstanding utilized by Goldman Sachs.

30.     Regarding Goldman Sachs' Premia Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Goldman Sachs; and (ii) the premiums paid in the transactions utilized by Goldman Sachs.

## COUNT I

**Claim Against the Individual Defendants and Apria for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33.     Apria is liable as the issuer of these statements.

34.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

35.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

36.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

38.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

39.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40.     Plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of Apria within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43.     Due to their positions as officers and/or directors of Apria and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

47.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50.     Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.     In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary

to make the statements contained therein not misleading;

      D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

      E.     Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

      F.     Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated:  March 8, 2022

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*